UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
APR 23 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BARBARA DeKNIKKER, | * | CIV. 07-4117 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| GENERAL CASUALTY, GENERAL CASUALTY COMPANY OF WISCONSIN, and REGENT INSURANCE COMPANY, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Judge Piersol has referred plaintiff's motion to compel discovery for a decision (Doc. 20). Also pending are plaintiff's Motion re: Protective Order (Doc. 26)[1] and defendants' Motion for Protective Order (Doc. 32).

## BACKGROUND

Plaintiff moved to compel defendants to comply with request for production 12. The request for production is:

> The personnel files of Lisa Albrecht, Cindy Van Eyll, Mark Shrode, Traci Bjorkman, William D. Thielmann, Kevin Ward, and Robert Clark. You may redact their social security numbers and any medical information about them contained in their personnel files.

Defendants raised four objections: (1) on relevancy grounds and unlikelihood of the personnel files

---

[1] This is not a motion <u>for</u> a protective order. It is a motion "for an order establishing whether defendants are entitled to a protective order, and if so, its terms."

leading to the discovery of evidence which is admissible; (2) the information is not admissible at trial and cannot be used by plaintiff for any purpose; (3) the request is beyond the scope of discovery by "SDCL 15-6-26(b);[2] (4) there is a heightened burden of relevancy before the production of personnel files will be required. Carlucci v. Maryland Cas. Co., 2000 WL 298925 (E.D. Pa); and Kaufman v. Nationwide Mutual Ins. Co., 1997 WL 703175 (E.D. Pa).

## DISCUSSION

**Plaintiff's Claims.**

Plaintiff represents in her brief in support of the motion to compel (Doc. 22) that:

Lisa Albrecht, Cindy Van Eyll, Mark Shrode, Traci Bjorkman, William D. Thielmann, Kevin Ward, and Robert Clark are defendants' employees who defendants identified in their Rule 26(a)(1) Initial Disclosures as persons likely to have discoverable information that defendants may use to support their claims or defenses. Ms. Albrecht is a Claim Specialist who was assigned to investigate plaintiff's workers' compensation claim. Ms. Van Eyll is the Claim Territory Manager involved in handling the claim. Mr. Shrode is Ms. Albrecht's supervisor. Ms. Bjorkman was assigned to the investigation of the claim. Mr. Thielmann is a Home Office Claims counsel. Mr. Ward is a "Claims specialist." Mr. Clarke is a regional vice president.

Plaintiff argues the sought after discovery "may produce evidence relevant to the claims and defenses in this action. At least, it is reasonably calculated to lead to the discovery of admissible evidence." Plaintiff suggests the discovery should be allowed "subject to a reasonable protective order to be agreed upon by the parties or decided by the court if the parties are unable to agree."

In her reply brief (Doc. 29) plaintiff argues other sources are not readily available to plaintiff to secure the sought after information because "documents often disclose what witnesses will not

---

[2] The reference to the South Dakota Rules of Civil Procedure was obviously inadvertent. The Federal Rules of Civil Procedure apply here. The South Dakota Rules mirror the Federal Rules, so the reference to 26(b) is the same section both under the State and the Federal Rules.

2

admit." Plaintiff also urges that the heightened standard of relevancy to which reference is made in the cited Pennsylvania cases has not been cited in the Eighth Circuit. Nonetheless, plaintiff argues she has satisfied even the heightened standard of relevance to render the personnel files discoverable.

Plaintiff also argues it is the defendants' burden to establish they are entitled to a protective order. In support she cites Iowa Beef Processors, Inc. v. Bagley, 601 F.2d 949, 954 n.5 (8th Cir. 1979).

**Defendants' Claims.**

Defendants argue Rule 26(b)(1) authorizes limiting the extent of discovery in the event the sought after discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Defendants reference a North Carolina case in which it was said the discovery of personnel files "would discourage future candid evaluations of employees, making it difficult for the firm to maintain its standards and improve its performance." Blount v. Wake Elec. Membership Corp., 162 FRD 102, 105 (E.D. NC 1993). Defendants suggest that courts have established a two part test to determine whether personnel files should be discoverable: (1) the material sought should be clearly relevant; and (2) the need for the discovery is compelling because the information sought is not otherwise readily obtainable. Defendants then urge that plaintiff has not satisfied either part of the two part test. Defendants suggest there are other sources for the same information. Indeed, defendants argue, plaintiff's requests for production 14, 15, and 16 do just that.

**Analysis.**

The plaintiff has cited a district court case to support the proposition that personnel files are subject to discovery. See Order dated September 30, 2004 (Doc. 327), in Torres v. Travelers Ins. Co.,

CIV. 01-5056, District of South Dakota, Western Division. Defendants suggests the case is distinguishable. Neither party has cited an on point Eighth Circuit Court of Appeals case.

A thoughtful and persuasive analysis comes from the Eastern District of Pennsylvania. Santer v. Teachers Ins. and Annuity Assoc., 2008 WL 755774 (E.D. Pa.). Before allowing discovery about broad corporate practices, plaintiff must first show the practice is connected to plaintiff's claim.

> Limiting discovery to the practices applied to the individual plaintiff is the preferable approach, as the issue in a bad faith case is whether the insurer acted recklessly or with ill will towards the plaintiff in a particular case, not whether the defendants' business practices were generally reasonable. What constitutes a reasonable set of business practices for the investigation and evaluation of claims is a question properly left to the Pennsylvania Insurance Commissioner, not a judge or a jury. . . . By limiting discovery to those practices employed in handling plaintiff's claim, the Court can ensure that the litigation remains focused on the problems the bad faith statue intended to redress.

Santer at *3 (internal citations and quotations omitted).

Plaintiff has represented that Kevin Ward and Robert Clark[3] are defendants' employees who defendants identified in their Rule 26(a)(1) Initial Disclosures as persons likely to have discoverable information that defendants may use to support their claims or defenses. Mr. Shrode is Ms. Albrecht's supervisor. Mr. Thielmann is a Home Office Claims counsel. Mr. Ward is a "Claims specialist." Mr. Clarke is a regional vice president. Plaintiff has not represented that any of these persons were directly involved in the decisions about plaintiff's claim. Their personnel files are not discoverable.

Plaintiff has represented that Ms. Albrecht is a Claim Specialist who was assigned to investigate plaintiff's workers' compensation claim and that Ms. Van Eyll is the Claim Territory

---

[3]The name is spelled Clark in one place and Clarke in another.

Manager involved in handling the claim. Plaintiff has also represented that Ms. Bjorkman was assigned to the investigation of the claim. Their personnel files are discoverable because they were apparently involved directly in the decisions and actions taken regarding plaintiff's claim. Information contained in their personnel files could be relevant to their motivation in making decisions about plaintiff's claim. Excluded from the discovery of information from the personnel files should be private information such as personal identification information and health information. If there is other information the defendants believe fits the category of "private" which should not be discoverable, the information should be provided to the court for an *in camera* inspection. Also, the disclosed information should be disclosed pursuant to an appropriate protective order which limits the use and dissemination of the information to persons associated with this lawsuit. The protective order should provide the documents from the personnel file should be returned to the defendants at the conclusion of this lawsuit. Defendants have submitted a proposed Protective Order which addresses these issues (Doc. 33).

It is ORDERED:

1. The motion to compel (Doc. 20) is DENIED as to the personnel files of Ward, Clark, Shrode, and Thielmann.

2. The motion to compel (Doc. 20) is GRANTED as to the personnel files of Albrecht, Van Eyll, and Bjorkman. Excluded from the discovery of information from the personnel files should be private information such as personal identification information and health information. If there is other information the defendants believe fits the category of "private" which should not be discoverable, the information should be provided to the court for an *in camera* inspection.

3. Defendants' Motion for Protective Order (Doc.32) is GRANTED. The proposed protective order submitted by defendants together with their motion has been contemporaneously signed and filed.

4. Plaintiff's Motion Re: Protective Order (Doc. 26) is GRANTED as described in the Opinion and Order.

Dated this **23** day of April, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _Knelly Margulies_____, Deputy

(SEAL)